UNITED STATES DISTRICT COURT
NORTHERN  DISTRICT OF NEW YORK

ZHE XU AND SONGSHU SHEN, INDIVIDUALLY
AND ON BEHALF OF ALL OTHER EMPLOYEES
SIMILARLY SITUATED,

                                        Plaintiffs,

                    - against -

MAGICAL BEAUNI NAILS & SPA, INC. D/B/A
MIRACLE NAILS AND HAIXIONG PIAO

                                        Defendants.

Case No.  5:20-CV-1332 (LEK/TWD)

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiffs Zhe Xu ("Xu") and Songshu Shen ("Shen"), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Magical Beauni Nails & Spa, Inc. d/b/a Miracle Nails ("Miracle Nails") and Haixiong Piao ("Piao") (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3.    Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.    Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) damages for failure to timely pay Plaintiffs not later than seven days after the end of the week in which the wages were earned (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.    Plaintiff Zhe Xu ("Xu") is a resident of Queens and was employed as a nail technician by Defendants nails salon business located at 6807 E Genesee Street from November 4, 2019 to February 1, 2020.

8.     Plaintiff Songshu Shen ("Shen") is a resident of Queens and was employed as a nail technician by Defendants nails salon business located at 6807 E Genesee Street from November 4, 2019 to February 1, 2020.

## DEFENDANTS

9.     Upon information and belief, Defendants, Miracle Nails owns and operates a nail solon business at 6807 E Genesee Street, Fayetteville, New York 13066.

10.     Upon information and belief, Defendants had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendants purchased and handled goods moved in interstate commerce.

11.     Upon information and belief, Defendant Piao is the owner, officer, director and/or managing agent of Miracle Nails located at 6807 E Genesee Street, Fayetteville, New York 13066 and participated in the day-to-day operations of Corporate Defendants' business and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

12.     At all times relevant herein, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

14.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and spread-of-hour premiums, failed to timely pay Plaintiffs weekly payment and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

15.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## **STATEMENT OF FACTS**

16.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

17.    Defendants knew that the nonpayment of overtime pay, spread of hours pay, failure to timely pay weekly payment, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

**Plaintiff Zhe Xu**

18.    From November 4, 2019 to February 1, 2020, Plaintiff Xu was hired by Defendants to work as a nail technician at Defendants nail solon located at 6807 E Genesee Street, Fayetteville, New York 13066.

19.    From November 4, 2019 to November 9, 2019, Plaintiff Xu worked four days this week. Per workday, he worked from 8:50 a.m. until 7:30 p.m. with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day. Therefore, Plaintiff Xu worked forty-two and forty-eight minutes (42.8 hours) in this week.

20.    From November 10, 2019 to December 7, 2019, Plaintiff Xu worked six days per week. On Sunday, he worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. On the rest of the workdays, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Xu worked sixty-two and twelve minutes (62.2) per week during this period.

21.     From December 8, 2019 to December 14, 2019, Plaintiff Xu worked four days this week. On Sunday, he worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. On the rest of the workdays, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Xu worked forty hours and forty-eight minutes (40.8 hours) in this week.

22.     From December 15, 2019 to December 21, 2019, Plaintiff Xu worked five days this week. On Sunday, he still worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. On the rest of the workdays, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Xu worked fifty-one hours and thirty minutes (51.5 hours) in this week.

23.     From December 22, 2019 to January 18, 2020, Plaintiff Xu worked six days per week. On Sunday, he still worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. On the rest of the workdays, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Xu worked sixty-two and twelve minutes (62.2) per week during this period.

24.     From January 19, 2020 to January 25, 2020, Plaintiff Xu worked five days per week. Per workday, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Xu worked fifty-three and thirty minutes (53.5) per week during this period.

25.    From January 26, 2020 to February 1, 2020, Plaintiff Xu worked five days per week. On Sunday, he still worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. For the rest of workdays, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Xu worked fifty-two and thirty minutes (51.5) per week during this period.

26.    For the first month of Plaintiff Xu's employment, Plaintiff Xu was paid at the rate of $100 per day. For the rest of employment of Plaintiff Xu's with Defendants, Plaintiff Xu was paid at the rate of $105 per day.

**Plaintiff Songshu Shen**

27.    From November 4, 2019 to February 1, 2020, Plaintiff Shen was hired by Defendants to work as a nail technician at Defendants nail solon located at 6807 E Genesee Street, Fayetteville, New York 13066.

28.    From November 4, 2019 to November 9, 2019, Plaintiff Shen worked four days this week. Per workday, she worked from 8:50 a.m. until 7:30 p.m. with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day. Therefore, Plaintiff She worked forty-two and forty-eight minutes (42.8 hours) in this week.

29.    From November 10, 2019 to January 18, 2020, Plaintiff Shen worked six days per week. On Sunday, she worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. On the rest of the workdays, Plaintiff Shen worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Shen worked sixty-two and twelve minutes (62.2) per week during this period.

30.     From January 19, 2020 to January 25, 2020, Plaintiff Shen worked five days this week with Sunday and Wednesday off. Per workday, Plaintiff Xu worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day. Therefore, Plaintiff Shen worked fifty-three hours and thirty minutes (53.5 hours) in this week.

31.     From January 26, 2020 to February 1, 2020, Plaintiff Shen worked five days this week with Monday and Tuesday off. On Sunday, she worked from 9:50 am to 6:30 pm with 15-miniutes break, totaling eight hours and forty-two minutes (8.7 hours) a day. On the rest of the workdays, Plaintiff Shen worked from 8:50 am to 7:30 pm with 15-minute break, totaling ten hours and forty-two minutes (10.7 hours) per day.  Therefore, Plaintiff Shen worked fifty-one hours and thirty minutes (51.5 hours) in this week.

32.     For the first month of Plaintiff Shen's employment, Plaintiff Shen was paid at the rate of $100 per day regardless the hours she worked. For the rest of employment of Plaintiff Shen's with Defendants, Plaintiff Shen was paid at the rate of $105 per day regardless the hours she worked.

33.     Throughout Plaintiffs' employment with Defendants, Defendants had often been late in paying Plaintiff weekly payment, although Defendants were supposed to pay Plaintiffs per Saturday every week,

34.     Throughout Plaintiffs' employment with Defendants, they were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner). During the periods of time that Plaintiffs' hours were recorded, they were recorded incorrectly.  Defendants often recorded and paid Plaintiffs for less hours than they actually worked.  Defendants did not compensate Plaintiffs for minimum wage or overtime compensation according to state and federal laws

35. Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

36. Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

37. Defendants committed the following alleged acts knowingly, intentionally and willfully.

38. Defendants knew that the nonpayment of minimum, overtime and the "spread of hours" premium as well as untimely weekly payment would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

39. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

40. Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

41. Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

42. Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase(s).

43. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

44. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time

and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

45.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium; of  not paying weekly payment timely; of not providing wage notice at the time hiring and wage statements to Plaintiffs and other similarly situated employees.

46.    Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their car service business for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

47.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

48.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

49.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

50.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

51.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to timely pay the Collective Action Member weekly payment not later than seven calendar days after the end of the week in which the wages are eared as required by the NYLL;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

52.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

53.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

54.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their nail

salon business, doing business as Miracle Nais on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

55.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

56.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) members of the class.

57.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring,affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

58.    Plaintiffsare able to fairly and adequately protect the interests of the Class and has nointerests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

59.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently,  and  without  the unnecessary  duplication  of  efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The  adjudication  of  individual  litigation  claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class  members' rights  and  the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In  addition,  if  appropriate,  the

Court can, and is empowered to,fashion methods to efficiently manage this action as a class action.

60.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

61.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b.  Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

c.  Whether Defendants failed to pay Plaintiffs and Class members weekly payment not later than seven calendar days in which the wages are earned under the New York Labor Law;

d.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

g. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

62.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

63.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

64.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

65.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

66.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

67.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

68.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

69.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40)per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiffs and the Rule 23 Class]

70.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

71.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

72.    Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

73.    Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

## COUNT III
### [Violation of New York Labor law – Minimum Wage]

74.    Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York labor Law §§ 2 and 651.

76.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due to the employees.

77.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay her minimum wages in the lawful amount for hours worked.

## COUNT IV
### [Violation of New York Labor Law—Spread of Time Pay]

78.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

79.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

80.    Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Failure to Timely Pay Wages]

81.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82.    Pho Choice is an employer within the meaning of 12 N.Y.C.R.R. §§ 190 and 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

83.    Plaintiffs are manual workers within the meaning of 12 N.Y.C.R.R. § 190 (4).

84.    Pursuant to the NYLL, an employer shall pay its employees who are manual workers weekly and not later than seven calendar days after the end of the week in which the wages are earned. 12 N.Y.C.R.R. § 191 (1)(a)(i).

**85.**    Here, Plaintiffs spent more than 25% of her working hours performing physical labor, Plaintiffs are manual workers within the meaning of 12 N.Y.C.R.R. § 190 (4).

86.    Defendants willfully failed to pay Plaintiffs weekly or not later than seven calendar days after the end of the week in which the wages were earned.

87.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, the liquidated damages, and attorneys' fees and costs for this action, including interest. 12 N.Y.C.R.R. § 198 (1-a). *Vega v. CM Assoc. Constr. Mgt., LLC*, 175 A.D. 3d 1144 (1st Dep't 2019).

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

91.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission,orother;allowances,ifany,claimedasapartofminimumwage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.    DefendantsintentionallyfailedtoprovidenoticetoemployeesinviolationofNewYork

LaborLaw§195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

95.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointlyandseverally,$50 for each workday that the violation occurred or continued to occur, up to$5,000,togetherwith costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT VII**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

96.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.    DefendantshavefailedtomakeagoodfaithefforttocomplywiththeNewYorkLabor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiffs' payday.

99.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000  foreachPlaintifftogetherwithcostsandattorneys'feespursuanttoNewYorkLaborLaw  N.Y. Lab. Law §198(1-d).

**<u>Prayer For Relief</u>**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective Plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)   An injunction against Clean Air Car Service & Parking, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

20

h)    An award of unpaid overtime wages due under FLSA and New York Labor Law;

i)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages overtime compensation pursuant to 29 U.S.C. §216;

l)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premium pursuant to New York Labor Law;

m)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wags not later than seven calendar days in which the wages are earned pursuant to New York Labor Law;

n)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o)    The cost and disbursements of this action;

p)    An award of prejudgment and post-judgment fees;

q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York October 7,2020     HANG & ASSOCIATES, PLLC.

*/S/ SHAN ZHU*
Shan Zhu, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
szhu@hanglaw.com
*Attorneys for Plaintiffs*